IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRITTANY SIMEK, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:24-cv-00457-DGK |
| JACKSON COUNTY, MISSOURI and SHERIFF DARRYL FORTE *in his official capacity*, | ) |
|     Defendants. | ) |

## **ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

This case arises from an officer-involved shooting in Jackson County, Missouri. Plaintiff Brittany Simek brings this lawsuit under 42 U.S.C. § 1983 against Jackson County, Missouri and Sheriff Darryl Forte in his official capacity (collectively, "Defendants") for alleged failures to provide mental health resources to deputies resulting in her being shot multiple times.

Now before the Court is Defendants' motion to dismiss Plaintiff's complaint. ECF No. 9. Plaintiff opposes the motion, ECF No. 11, and Defendants did not file a reply brief. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

### Background[1]

Plaintiff's allegations can be summarized as follows. On August 8, 2019, Plaintiff was shot four times by Jackson County Sheriff's Deputy Lauren Michael ("Deputy Michael"). Plaintiff was unarmed and not suspected of a crime when Deputy Michael approached, took her to the ground, deployed her taser, and fired five shots as Plaintiff attempted to run away.

---

[1] As with any motion to dismiss, the Court "accept[s] as true all of the complaint's factual allegations and view[s] them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

Prior to this incident, Deputy Michael had mental health struggles related, in part, to several use of force incidents dating back to 2017. After each of these incidents, Deputy Michael was deemed fit to return to duty by a psychiatrist but was never offered any additional mental health treatment. After requesting additional treatment in 2019, Deputy Michael was referred to the Jackson County Employee Assistance Program and was provided three virtual counseling sessions that were not tailored to law enforcement personnel. Deputy Michael, with the help of her direct supervisor, then found a counselor to continue treatment on her own.

Plaintiff alleges Defendants did not offer any training or instruction related to a deputy's mental health, including how to maintain one's mental health or how to identify red flags of poor mental health. Similarly, Defendants did not have any peer-to-peer mental health program, mandatory reporting of mental health issues, or paid mental health leave. And, to the extend mental health services were offered—such as the fitness for duty examination after an officer-involved shooting—they are perfunctory at best. Finally, Plaintiff alleges the culture of the Sheriff's office disregarded mental health issues.

In sum, Plaintiff alleges Defendants' policy of inaction surrounding mental health was the moving force behind Deputy Michael using excessive force in violation of her Fourth and Fourteenth Amendment rights.

Plaintiff's complaint asserts a single count against Defendants titled "Count I – 42 U.S.C § 1983 Violative Policies, Practices, Customs, Patterns of Conduct and Procedure, Failure to Train and Failure to Supervise Against Defendants." Compl. at 11. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill*, 512 F.3d at 476. To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

**Discussion**

To state a claim for municipal liability under § 1983, Plaintiff must plead facts showing Defendants violated her constitutional rights pursuant to either "(1) an official municipal policy, (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations and quotations omitted).

Although styled as a single count, Plaintiff's complaint raises municipal liability under each theory: policy, custom, and failure to train. Defendants' motion only addresses whether Plaintiff pled a policy or failure to train theory. As such, the Court limits its discussion to the issues raised in Defendants' motion.

**I. Plaintiff sufficiently pleads a policy theory.**

Defendants argue Plaintiff's official policy claim should be dismissed because it "fail[s] to identify a specific policy concerning deputies mental health that would have prevented the incident." Suggestions in Supp. at 5, ECF No. 10. Plaintiff contends that level of specificity is not required at this stage of the litigation.

3

Defendants' argument is unavailing. It is well established that "[w]hen a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe ex rel. Doe v. School Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Accordingly, the complaint need not specifically identify an unconstitutional policy or custom, but it must, at a minimum, set forth facts sufficient to allow the Court to draw a reasonable inference that one exists and caused the injury. *See Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 953–54 (8th Cir. 2024).

Here, the complaint alleges that an official policy caused the constitutional violation. For example, the complaint states that it "was the policy, custom and practice of the Department to <u>not</u> have a mental health policy for law enforcement officers involved in officer involved shootings." Compl. ¶ 72 (emphasis in original). And it alleges this failure resulted in constitutional violations because poor mental health impacts a deputy's "reaction[] in times of stress." *See id.* ¶¶ 1, 66, 77. At this stage—and given failure to develop this argument—these allegations are enough to survive a motion to dismiss.

**II.     Plaintiff does not plead a failure to train theory.**

Defendants argue Plaintiff's failure to train claim should be dismissed because it "fail[s] to allege a pattern of incidents of other officers." Suggestions in Supp. at 5. Plaintiff disagrees.

On this claim, Defendants' argument is persuasive. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To state such a claim, Plaintiff must plead facts showing: (1) Defendants "training practices were inadequate"; (2) Defendants were "deliberately indifferent to the rights of others in adopting these training practices" and the "failure to train was a result of deliberate and conscious choices it made"; and (3) Defendants "alleged training

deficiencies caused [Plaintiff's] constitutional deprivation." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citations omitted). However, "an isolated incident of alleged police misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983. *Id.* (citation omitted); *see also Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.").

Here, Plaintiff does not allege a pattern of similar conduct that is attributable to Defendants' inadequate mental health training. The only allegations concerning constitutional violations relate to a single incident with a single deputy. Accordingly, these allegations, even when viewed in a light most favorable to Plaintiff, do not state a viable failure to train claim under § 1983.

### III. Plaintiff's allegations do not undermine her claims.

Lastly Defendants argue—although it is unclear what theory of liability the argument applies to—that Plaintiff's allegations undermine her claims. Namely, that she was deemed fit to return to duty by a psychiatrist after each incident, was referred to the Jackson County Employee Assistance Program, and found a therapist to continue treatment on her own. *See* Suggestions in Supp. at 4–5. However, Defendants' argument ignores other allegations that the services offered were perfunctory, *see* Compl. ¶ 73, not tailored to the needs of law enforcement, *id.* ¶¶ 43, 81, or inadequate, *see id.* ¶¶ 36, 38, 44. At this stage, these allegations do not undermine Plaintiff's claims.

### IV. Plaintiff request to amend is denied without prejudice.

Finally, Plaintiff requests leave to amend her complaint should the Court find it deficient. Plaintiff request is denied without prejudice because it does not comply with the Local Rules. *See* L.R. 15.1(a).

5

Case 4:24-cv-00457-DGK   Document 14   Filed 12/09/24   Page 5 of 6

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims based on a municipal policy or custom survive. Plaintiff's failure to train claim is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   December 9, 2024   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT